Hastings
v.
Powers.

AARON HASTINGS *against* JOSEPH POWERS.

The Court will not on trial order a party to produce a writing *instanter*, under the 57th section of the judiciary act. There must be due notice.

THIS was an action brought by the plaintiff, as assignee of the sheriff, upon a bail-bond executed by the defendant jointly and severally with *N. Spafford*, for admitting the latter to the liberties of the prison yard in the City of *Vergennes*.

Plea in bar, that *Spafford* escaped with the consent of the plaintiff.

Replication traversed the fact alleged in bar. Joinder, and issue to the Jury.

In the course of the trial it was proved, that there had been a contract entered into between the plaintiff and *Joseph Beeman*, junior, who held *Spafford's* lands in trust, by which *Beeman* engaged to execute a deed to the plaintiff of such quantity of the land as would amount in value to the debt and costs for which *Spafford* was imprisoned, if the plaintiff would consent to *Spafford's* quitting the limits of the prison; and that this contract was reduced to writing.

Defendant's counsel now moved a rule upon the plaintiff to shew cause why he should not forthwith produce the writing or become nonsuit; and supported his motion by affidavit of *Silas Waterman*, Esquire.

On the question whether rule should be granted, defendant's counsel read the 57th section of the judiciary act:

*Vermont* Stat. vol. 1. p. 77.

" That the Supreme Court of Judicature and County Courts shall have power, in the trials of ac-

tions at law, on motion, and *due notice* thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, or relative to the action, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in Chancery; and if a plaintiff fail to comply with such order to produce books or writings, it shall be lawful for the Court, on motion, to give the like judgment for the defendant as in case of nonsuit; and if a defendant shall fail to comply with such order to produce books or writings, it shall be lawful for the Courts respectively, on motion as aforesaid, to give judgment against him, her or them as in case of default."

*Per Curiam.* The motion cannot in this instance be sustained. The statute requires " due notice to be given." It would operate a surprise on the plaintiff to sustain a motion of this nature made *instanter,* while the issue is on trial to the Jury.

Rule not granted.*

*Levi House,* for plaintiff.
*W. C. Harrington,* for defendant.

---

* Reported from Judge *Robinson's* minutes.